UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

JERON L. ROSS,

        Plaintiff,

    v.                                                Case No. 20-C-636

ROBERT HOFFMAN AND
DOCTOR KELLY,

        Defendants.

## SCREENING ORDER

Plaintiff Jeron L. Ross, proceeding *pro se*, has filed a complaint under 42 U.S.C. § 1983 alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has filed a motion to proceed without prepaying the filing fee. Dkt. No. 2. Plaintiff's motion claims he is responsible for $400 per month in child support, but that he lacks any significant property, source of income, or other financial assets. Based on Plaintiff's representation that he is indigent, the court will grant Plaintiff's motion to proceed without prepaying the filing fee.

### SCREENING OF THE COMPLAINT

The court has a duty to review the complaint and dismiss the case if it appears that the complaint fails to state a claim upon which relief can be granted. *See Hoskins v. Polestra*, 320 F.3d 761, 763 (7th Cir. 2003). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which

relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

A complaint must contain sufficient factual matter "that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 555. "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## THE COURT'S ANALYSIS

Plaintiff asserts that Defendant Hoffman violated his rights by denying Plaintiff medication and that Defendant Dr. Kelly violated his rights by refusing to see Plaintiff "at some points." He alleges as a result that he suffered increased pain but fails to identify what medical condition he had, what pain medication was prescribed, and the facts and circumstances needed to at least suggest that his complaints about his medical care arise to a plausible constitutional violation. Mere delay in treatment is common in all walks of life, and pain and discomfort are generally part

2

of any person's life in this world.  More is required than disagreement with one's doctor over the kind of pain medication that is appropriate, especially for someone in a state prison.  Plaintiff's allegations offer no more than conclusions of law based about events related to an unspecified medical condition that appear to have taken place when he was previously incarcerated at Kettle Moraine Correctional Institution in Plymouth, Wisconsin.

*Estelle v. Gamble* held that prison officials violate the Eighth Amendment when they are deliberately indifferent to a prisoner's serious medical needs.  429 U.S. 97, 104–05 (1976).  This does not mean, however, that every claim of inadequate medical treatment states a violation of the Eighth Amendment.  A claim for deliberate indifference must establish "(1) an objectively serious medical condition; and (2) an official's deliberate indifference to that condition."  *Gomez v. Randle*, 680 F.3d 859, 865 (7th Cir. 2012).  Medical malpractice is not enough, and of course, neither is a disagreement over the proper course of treatment or level of medication.

Plaintiff fails to describe basic facts, including what his medical condition is and what medication was denied to him, when and how often.  His complaint therefore contains no allegations from which it can be discerned that Plaintiff has a plausible claim.  Rather than dismiss his case outright, however, Plaintiff will be provided an opportunity to file an amended complaint within 30 days of the date of this order.  If Plaintiff fails to file an amended complaint within that time period, the action will be dismissed.

If Plaintiff wishes to proceed, he must therefore file an amended complaint that clearly sets forth the who, what, when, and where of what he alleges occurred by **May 26, 2020**.  Failure to do so will result in the dismissal of this action.  Plaintiff is advised that the amended complaint must bear the docket number assigned to this case and must be labeled "Amended Complaint." The amended complaint supersedes the prior complaint and must be complete in itself without

reference to the original complaint. *See Duda v. Bd. of Educ. of Franklin Park Pub. Sch. Dist. No. 84*, 133 F.3d 1054, 1056–57 (7th Cir. 1998). In *Duda*, the appellate court emphasized that in such instances, the "prior pleading is in effect withdrawn as to all matters not restated in the amended pleading." *Id.* at 1057 (citation omitted).

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Plaintiff's complaint (Dkt. No. 1) is **DISMISSED**. Plaintiff must file an amended complaint on or before **May 26, 2020**.

Dated at Green Bay, Wisconsin this 24th day of April, 2020.

s/William C. Griesbach
William C. Griesbach, District Judge
United States District Court